USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMOS FINANCIAL, LLC,

Plaintiff,

-against-

SULLIVAN COUNTY, et al,

Defendants.

No. 24-CV-5365

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Amos Financial LLC ("Plaintiff") moves pursuant to Local Civil Rule 6.3 for reconsideration of this Court's March 19, 2026 Opinion & Order (ECF No. 103, the "Opinion & Order") granting Defendant Sullivan County and Sullivan County Community College Dormitory Corporation's (collectively, "Defendants") motion to dismiss Plaintiff's second cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) of the Federal Rules of Civil Procedure and denied leave to amend as futile. For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND[1]

### I. Factual Background

The Court assumes familiarity with the broader factual record and recounts only those facts necessary to resolve the instant motion.[2]

Plaintiff brings this action to foreclose a mortgage on property commonly known as 19, 21, and 23 Greenway Lane in Fallsburg, New York (the "Property"). Sullivan County ("County")

[1] The parties' briefs will be referred to herein as follows: Plaintiff's Memorandum of Law ("Pltf. Mem.," ECF No. 106), Defendants' Opposition ("Dfts. Opp.," ECF No. 107), Plaintiff's Reply ("Pltf. Reply," ECF No. 110).
[2] The Court takes notice of Plaintiff's Second Amended Complaint. (ECF No. 126.) However, for the purpose of the instant motion, the Court relies on the facts alleged in the First Amended Complaint. (ECF No. 34.)

originally acquired the Property pursuant to two deeds executed in June 1965 (the "1965 Deeds"), each providing that the land "shall vest and be held in trust" for the uses and purposes of Sullivan County Community College ("SCCC"). (ECF No. 34, "FAC" ¶¶ 50–52; Ex. 11.)

On December 9, 1997, the Sullivan County Legislature adopted Resolution No. 589-97, approving the conveyance of the Property to the Sullivan County Community College Dormitory Corporation (the "Dormitory Corporation"), subject to the approval of the Sullivan County Community College Board of Trustees. (ECF No. 105, Ex. A.) Pursuant to that resolution, the County conveyed the Property to the Dormitory Corporation by quitclaim deed dated February 17, 1998, for consideration of $66,000. (ECF No. 96, Ex. D.) On June 1, 2002, the Dormitory Corporation conveyed the Property to the County of Sullivan Industrial Development Agency ("SCIDA"). (ECF No. 96, Ex. E.) SCIDA then deeded the Property back to Dorm Corp. that same day ("2002 Issuer Deed"). (ECF No. 96, Ex. F.)

On December 23, 2002, the Sullivan County Legislature adopted Resolution No. 648-02, clarifying the nature of the conveyance that was the subject of Resolution No. 589-97. (ECF No. 105, Ex. B.) Specifically, the Legislature clarified that Resolution No. 589-97 "constituted a sale of real property *no longer needed* for County purposes" and that the conveyance "was and is *unrestricted* in nature." (*Id.*) (emphasis added.) The Resolution further confirmed that the County "has completely divested itself of any interest in said premises, to and for the benefit of the Sullivan County Community College Dormitory Corporation, its successors and assigns." (*Id.*)

## II. Procedural Background

On July 17, 2024, Plaintiff filed the initial complaint seeking foreclosure of the Property against Defendants, extinguishment of the purported restrictive covenant, and appointment of a receiver. (ECF No. 10). Shortly thereafter, Plaintiff filed the FAC. (*See generally* FAC). On April

16, 2025, Defendants moved to dismiss the Second Cause of Action in the FAC, and filed a memorandum of law in support. (ECF Nos. 92, 94) Plaintiff's counsel filed a memorandum in opposition (ECF No. 95) and Defendants filed a reply brief thereafter. (ECF No. 99.) On March 19, 2026, the Court issued its Opinion & Order, granting Defendants' motion to dismiss Plaintiff's second cause of action and denying Plaintiff leave to amend. (ECF No. 113.)

On April 2, 2026, Plaintiff filed a motion for reconsideration of the Court's Opinion & Order (ECF Nos. 104, 106) Defendants opposed the motion and Plaintiff replied. (ECF Nos. 107, 110).

## LEGAL STANDARD

### I. Reconsideration

Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted). The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b), and "[t]he standard for granting a motion for reconsideration . . . is strict." *Targum v. Citrin Cooperman & Co., LLP*, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)

Importantly, a motion to reconsider "is not a vehicle for . . . presenting the case under new

theories . . . or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) ("On such a [reconsideration motion], a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). Generally, these motions "'will [ ] be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

**DISCUSSION**

Plaintiff argues (i) that the Court overlooked controlling questions of law concerning the interpretation of Education Law § 6304(6); (ii) that newly obtained evidence in the form of County Resolutions from 1997 and 2002 make clear that subsequent transfers were intended to be free and clear of all encumbrances; (iii) that the Court did not address how the language in the 1965 Deeds created a charitable or educational trust; (iv) that the Court cited restrictive language that does not appear in the *habendum* clause of the 1965 Deeds, (v) that public policy considerations lean against holding that the 1965 Deeds created unbreakable trusts; (vi) that interpretation of the 1965 Deeds should not be limited to "their four corners;" (vii) amendment of the FAC is appropriate. (*See generally* Pltf. Mem.) Because the Court finds that the newly obtained evidence calls into question the continued existence of the restrictive covenant imposed by the 1965 Deeds, the Court limits its analysis to Plaintiff's second argument.

Plaintiff, through its motion for reconsideration, submits County Resolutions Nos. 589-97 and 648-02. Plaintiff contends that the Resolutions "established an unencumbered transfer." (Pltf. Mem. at 8-9.) The Resolutions are not newly available evidence—they have been a matter of

public record since the commencement of this action. (Dfts. Mem. at 7-8.) Defendants are correct that in order for evidence to be considered "newly discovered" on a motion for reconsideration, it must be evidence that is "truly newly discovered or . . . could not have been found by due diligence." *United States v. Potamkin Cadillac Corp*., 697 F.2d. 491, 493 (2d Cir. 1983). "However, courts may reconsider their previous decisions in light of new information when manifest injustice would result from a refusal to do so." *Floyd v. City of N.Y.*, 813 F.Supp.2d 457, 466 (S.D.N.Y. Nov. 23, 2011).

The Court finds that reconsideration is warranted to prevent potential manifest injustice. The 2002 Resolution expressly states that the County's conveyance was "unrestricted in all respects," that the Property was "no longer needed for County purposes," and that the County retained no interest "whatsoever" in the Property. (ECF No. 105, Ex. B) This language raises a material question concerning the continued existence of the restrictive covenant imposed by the 1965 Deeds. Education Law § 6306(4) requires community college property to vest in the local sponsor, which holds it in trust for community college purposes. Although § 6306(4) does not expressly address the disposition of such property, 8 N.Y.C.R.R. § 603.5(d) establishes procedures through which a local sponsor may dispose of property *no longer needed* for community college purposes. (emphasis added)

The Court's Opinion & Order did not fully address the interaction between Education Law § 6306(4), 8 N.Y.C.R.R. § 603.5(d) and RPAPL § 1955. The Court previously determined that the 1965 Deeds created a restrictive covenant running with the land and that RPAPL § 1955(5) rendered amendment of Plaintiff's Second Cause of Action futile. However, the Opinion did not resolve whether a transfer under the Education Law § 6406(4) and 8 N.Y.C.R.R. § 603.5(d) could result in the transfer of title free of encumbrances. The parties have not adequately briefed this

issue. Although Plaintiff raised the Education Law in its original opposition, the Resolutions were not on the record at the time. Therefore, it was unclear whether 8 N.Y.C.R.R. 603.5(d) applied in the first place.

The Court concludes that supplemental briefing is warranted. The parties shall address (i) whether the County's conveyance complied with the applicable statutory and regulatory requirements and (ii) whether a conveyance authorized under those provisions extinguishes the restrictive covenant or whether RPAPL § 1955(5) nevertheless applies. The Court reserves decision on the ultimate merits of Defendants' motion to dismiss Plaintiff's Second Cause of Action.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED. The parties are instructed to submit supplemental briefs on (i) whether the County's conveyance complied with the applicable statutory and regulatory requirements and (ii) whether a conveyance authorized under those provisions extinguishes the restrictive covenant or whether RPAPL § 1955(5) nevertheless applies. Defendants shall serve (not file) their opening brief on December 7, 2026. Plaintiff shall serve (not file) its opposition brief on January 11, 2027. Defendants shall serve their reply brief on January 27, 2027. All motion papers are to be filed on the reply date, January 27, 2027. The parties are directed to email a copy and mail a copy of their motion papers to Chambers as they are served. The Clerk of Court is kindly directed to terminate the motion at ECF No. 104.

Dated: November 5, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge